IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

AARIS D. JEFFERSON, SR.                                                    PLAINTIFF

v.                              Civil No.: 6:18-CV-06048

LIEUTENANT SHAWN STAPLETON,                                                DEFENDANTS
CORPORAL STEED, DEPUTY COOLIS,
DEPUTY BATES, CAPTAIN
HALVERSON, and SERGEANT CARTER
(All of Garland County Detention Center)

## ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on May 22, 2018. (ECF No. 1). Plaintiff alleges his federal constitutional rights were violated when he was incarcerated in the Garland County Detention Center (GCDC). (ECF No. 1). Plaintiff alleges that on January 13, 2018, he was attacked in the dayroom of "housing D" by an Arkansas Department of Correction inmate returning for court. As part of the incident, Plaintiff alleges he was pepper-sprayed, taken to medical, and then escorted to isolation. (*Id*. at 9). Plaintiff alleges Defendants Coolis and Stapleton failed to protect him from this attack. (*Id*.).

Plaintiff attached grievance documents concerning the January incident. The final appeal response stated Plaintiff was of the same inmate classification status as the other inmate involved in the classification, and nothing in Plaintiff's inmate file indicated he could not be near this

1

inmate. (*Id*. at 4). The response also stated Plaintiff received a disciplinary hearing for the incident, and that Plaintiff admitted to engaging in "mutual combat" with the inmate at the hearing. (*Id*.).

Plaintiff alleges Defendants Bates, Halverson, and Carter failed to protect him on March 3, 2015. (*Id*. at 10). Plaintiff does not describe any incident for this date, instead stating only that regular inmates were housed with inmates of a different status. (*Id*.).

Plaintiff proceeds against Defendants in their official capacity. (*Id*. at 9, 10). He seeks compensatory and punitive damages. (*Id*. at 12).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

### A. Defendant Steed

Plaintiff lists Defendant Steed at the beginning of his Complaint but does not name him as an individual involved in any of his claims. Without some personal involvement, Steed cannot be held liable under § 1983. *See e.g.*, *Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (section 1983 liability requires some personal involvement or responsibility). Plaintiff, therefore, fails to state a plausible claim against Defendant Steed.

### B. March 2015 Incident

Plaintiff's claim for the March 3, 2015, incident is barred by the statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987) (§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985) (§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996) (§ 1985 case). In Arkansas, this is the three-year personal injury statute of limitations codified at Ark. Code Ann. 16-56-105(3) (West, Westlaw current through July 1, 2018). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Plaintiff filed this Complaint on May 22, 2018. Thus, any claim based on an event that occurred on March 3, 2015, is barred by the three-year statute of limitations.

### C. January 2018 Incident

Plaintiff fails to state any plausible official capacity claims for this incident. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

"Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Plaintiff fails to identify any custom or policy of Garland County or the GCDC which violated his rights for this incident. He, therefore, fails to state a plausible official capacity claim.

### IV. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 21st day of August 2018.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE